# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | : | No. 3:14cr270-6 |
| | : | No. 3:17cv633 |
| v. | : | (Judge Munley) |
| | : | |
| SHAQUAN MURPHY, | : | |
| **Defendant** | : | |

## **MEMORANDUM**

Before the court for disposition is Defendant Shaquan Murphy's (hereinafter "defendant") 28 U.S.C. § 2255 (hereinafter "section 2255") motion to vacate, set aside, or correct his sentence. (Doc. 283). The requested relief is reinstatement of his right to appeal and resentencing without career criminal classification.

## Background

On October 14, 2014, a criminal complaint was filed against defendant alleging violation of 21 U.S.C. § 841(a)(1). (Doc. 1). On January 27, 2016, defendant plead guilty to knowingly, intentionally, and unlawfully possessing with intent to distribute heroin, a Schedule I controlled substance in violation of 21 U.S.C. § 841(a)(1) and 18 U.S.C. § 2. (Doc. 406). On July 21, 2016, we sentenced defendant to a term of 151 months; supervised release of 3 (three) years. (Doc. 361).

On April 10, 2017, defendant filed the instant motion *pro se.* (Doc. 406). The government's brief in opposition was filed on July 13, 2017 (Doc. 432), thus bringing the case to its current posture.[1]

**Jurisdiction**

As defendant brings his motion under section 2255, we have jurisdiction under 28 U.S.C. § 1331 ("The district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States."). We also have jurisdiction under 28 U.S.C. § 2241 ("Writs of habeas corpus may be granted by...the district courts[.]").

**Standard of Review**

Generally, a federal prisoner in custody under the sentence of a federal court may, within one year from when the judgment becomes final, move the sentencing court to "vacate, set aside, or correct" a sentence "imposed in violation of the Constitution or laws of the United States." 28 U.S.C. § 2255(a). A federal prisoner may also file a section 2255 motion within one year from "[t]he date on which the right asserted was initially recognized by the Supreme Court, if that right was newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review." 28 U.S.C. § 2255(f)(3). A section 2255

---

[1] Notably, defendant failed to file a brief in support of his motion and then failed to file a reply brief to the government's brief in opposition to the motion. Thus, defendant relies solely upon his motion itself.

2

motion may attack a federal prisoner's sentence on any of the following grounds: (1) the judgment was rendered without jurisdiction; (2) the sentence imposed was not authorized by law or otherwise open to collateral attack; or (3) there has been such a denial or infringement of the Constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack. 28 U.S.C. § 2255(b).

Section 2255 does not, however, afford a remedy for all errors that may have been made at trial or sentencing. United States v. Essig, 10 F.3d 968, 977 n.25 (3d Cir. 1993). Rather, section 2255 permits relief for an error of law or fact constituting a "fundamental defect which inherently results in a complete miscarriage of justice." United States v. Eakman, 378 F.3d 294, 298 (3d Cir. 2004) (citing United States v. Addonizio, 442 U.S. 178, 185 (1979)). If the court determines that the sentence was not authorized by law, was unconstitutional, or is otherwise open to collateral attack, the court must vacate the judgment, resentence the prisoner, or grant the prisoner a new trial as appropriate. See 28 U.S.C. § 2255(b).

**Discussion**

Here, defendant's motion sets forth two grounds that embody one argument: ineffective counsel for failure to appeal his sentence as a career criminal pursuant to the sentencing guidelines. Defendant claims he "advised his counsel to file an appeal on his behalf relevant to his classification as a career

offender, (Doc. 283 at 5 (Ground One)), arguing that his "priors don't qualify," (Doc. 283 at 6 (Ground Two)). Defendant claims to have told his attorney to file an appeal based upon his classification as a career offender, his attorney advised that he would do so, but in fact did not do so. Defendant's arguments fall under the third ground for attacking a sentence: a denial or infringement of the Constitutional rights of the prisoner as to render the judgment vulnerable to collateral attack. 28 U.S.C. § 2255(b).

The Sixth Amendment to the United States Constitution guarantees criminal defendants the right to counsel. The United States Supreme Court has found that "'the right to counsel is the right to the effective assistance of counsel.'" Strickland v. Washington, 466 U.S. 668, 686 (1984) (quoting McMann v. Richardson, 397 U.S. 759, 771, n.14 (1970)). Counsel is ineffective when "counsel's conduct so undermined the proper functioning of the adversarial process that the trial cannot be relied on as having produced a just result." Strickland, 466 U.S. at 686.

Thus, under Strickland, to prove that his counsel was deficient at trial or sentencing, a defendant must convince the court of two factors, deficient performance by counsel and prejudice from that deficient performance. "First, the defendant must show that counsel's performance was deficient." Id. at 687. Satisfying the first factor, deficient performance, requires a "showing that counsel

4

made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment." Id. Substandard lawyering is not enough to obtain relief. In assessing an attorney's performance, courts apply a highly deferential level of scrutiny. See Marshall v. Cathel, 428 F.3d 452, 462 (3d Cir. 2005) (quoting Strickland, 466 U.S. at 689). This deference is afforded because "counsel is strongly presumed to have rendered adequate assistance and made all significant decisions in the exercise of reasonable professional judgment." Strickland, 466 U.S. at 690.

To satisfy the second factor of the Strickland test, "the defendant must show that the deficient performance prejudiced the defense" by demonstrating that "counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable." Id. In other words, "the party claiming ineffective assistance 'must show that there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different.'" Campbell v. Burris, 515 F.3d 172, 184 (3d Cir. 2008) (quoting Strickland, 422 U.S. at 694). "'It is not enough for the defendant to show that the errors had some conceivable effect on the outcome of the proceedings...not every error that conceivably could have influenced the outcome undermines the reliability of the proceeding.'" Id. (quoting Strickland, 466 U.S. at 693).

Significantly, counsel cannot be held to be ineffective for failing to pursue a meritless issue. Werts v. Vaughan, 228 F.3d 178, 203 (3d Cir. 2000).

In nearly all cases, relief under section 2255 for ineffectiveness of counsel is only available to defendants who make adequate showings with respect to both factors of the Strickland test. See Strickland, 466 U.S. at 686. Accordingly, "'to merit a hearing, a claim for ineffective assistance of counsel, accepting the veracity of its allegations, must satisfy both prongs of the Strickland test, deficient counsel and prejudice to the defense.'" Campbell, 515 F.3d at 183 (quoting Wells v. Petsock, 941 F.2d 253, 559-60 (3d Cir. 1991)).

Here, defendant argues he requested at the conclusion of sentencing that his lawyer file an appeal relevant to his career offender classification, that his lawyer advised defendant he would file the appeal, but failed to actually file the appeal. However, defendant does not point to any evidence in support of this assertion.

Defendant's motion cites four cases in support of his motion, providing no legal analysis, and citing to no particular proposition(s).[2]

---

[2] Defendant listed without analysis three more cases, none of which are relevant to his motion. The first two deal with the Armed Career Criminal Act, and the third deals with the removal status effect of an alien's conviction of an aggravated felony: Mathis v. United States, 136 S.Ct. 2243 (2016); Descamp v. United States, 133 S.Ct. 2276 (2013), and Chang-Cruz v. Attorney General of the United States, 659 Fed. Appx. 114 (3d Cir. 2016).

First defendant cites Roe v. Flores-Ortega, 528 U.S. 470 (2000), which "interpreted Strickland as requiring that a defense counsel consult with a defendant about whether he or she wishes to appeal a conviction. If that consultation occurs and the defendant does not express a wish to appeal, counsel is not *per se* professionally unreasonable for not filing an appeal." Velazquez v. Grace, 277 Fed. Appx. 258, 260 (3d Cir. 2008) (Velazquez is one of the four cases listed by defendant Murphy.) (Doc. 283 at 5 (Ground One)). While Flores-Ortega does not fit the facts alleged in the instant case, the Supreme Court did clarify that where a criminal defendant expresses a wish to appeal, his or her counsel is professionally unreasonable if he or she fails to appeal. Id. at 478. Significantly, the Flores-Ortega Court did not require, for grant of habeas corpus, a showing of meritoriousness regarding an appeal not taken because of ineffective assistance of counsel. Velazquez at 260.

Defendant then lists Peguero v. United States, 526 U.S. 23 (1999). In Peguero the Supreme Court held that "district court's failure to advise the defendant of his right to appeal sentence did not entitle him to collateral relief, where he knew of his right…" Id. Peguero is not relevant to the instant case because during his sentencing we advised defendant of his right to appeal his sentence.

7

Last, defendant lists Solis v. United States, 252 F.3d 289 (3d Cir. 2001), which is directly on-point factually. Julios Solis claimed the right to a mandatory evidentiary hearing under alleged facts identical to those in the instant case. Solis asserted that after the sentencing he requested his counsel to file an appeal but counsel failed to take any action. The district court denied the motion without a hearing. On appeal, the Third Circuit Court of Appeals vacated the sentence and remanded the case for a hearing pursuant to 28 U.S.C. § 2255. Id. at 291. In the case at bar, defendant would have to prove that he asked his lawyer to file an appeal and his lawyer agreed to do so but did not. As a practical matter this would require an evidentiary hearing.

However, we find that defendant's allegation that his prior drug trafficking felonies do not apply to career criminal classification is both contradicted conclusively by the record and patently frivolous under Solis: "[W]hen a defendant is convicted of a crime and alleges that his lawyer failed to appeal the conviction, and there is a potential factual dispute on this issue, the defendant is entitled to a hearing before the district court to prove that he made the request and that the lawyer failed to honor it. *However, a defendant would not be entitled to a hearing if his allegations [in the habeas corpus motion] were contradicted conclusively by the record, or if the allegations were patently frivolous.*" (citations omitted)(emphasis added). Id. at 295.

Defendant's allegations are patently frivolous here because there is no question that an appeal in the instant case, had it been filed, would have been denied thanks to defendant's three prior drug trafficking convictions, which appear in the record and conclusively contradict his allegations.  In 2007 defendant was convicted of conspiracy to distribute and distribution of a controlled substance in a school zone.  (Doc. 432 at 8) (citing (PSR ¶ 33).  In 2009 defendant was convicted of conspiracy to possess with intent to distribute a controlled substance.  Id. (citing PSR ¶ 37).  Also in 2009 defendant was convicted of attempted distribution of a controlled substance.  Id.  (citing PSR ¶ 38).

The law requires only two felony convictions for controlled substance crimes to qualify a defendant as a career criminal; here defendant has three felony convictions.  Clearly, defendant is properly classified as a career criminal. U.S. SENTENCING GUIDELINES MANUAL § 4B1.1(A); United States v. Mateo, 560 F.3d 152 (3d Cir. 2009).  Thus, defendant's ineffective assistance of counsel argument is without merit.

**Conclusion**

After a careful review, we will deny defendant's motion for habeas corpus. An appropriate order follows.


Date: August 17, 2017                    s/ James M. Munley
                                         **JUDGE JAMES M. MUNLEY**
                                         **United States District Court**